Acuña, Recurrente, *v.* El Registrador de San Juan,
Recurrido.

Recurso gubernativo interpuesto contra nota del Registrador
de la Propiedad de San Juan, Sección Primera, denega-
toria de cancelación de hipoteca.

No. 459.—Resuelto en abril 30, 1920.

Facultades de los Albaceas—Herederos Forzosos—Cancelación de Hipoteca
  por el Albacea Testamentario.—Habiendo herederos forzosos, el albacea
  no puede cancelar por sí solo en cuanto a los dos tercios de legítima, una
  hipoteca perteneciente a la herencia, aún cuando haya sido facultado para
  ello por el testador, pues tal facultad es contraria a la ley.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. J. Martínez Dávila.*

El registrador recurrido compareció por escrito.

El Juez Asociado Sr. Hutchison, emitió la opinión del
tribunal.

Un albacea nombrado por testamento que le facultaba
para el cobro de deudas y otorgamiento de recibos, cartas
de pago y cancelaciones de hipotecas, cobró el importe de
una hipoteca y otorgó la correspondiente carta de pago y
cancelación de dicha hipoteca.

El albacea apela de la calificación del registrador puesta
al dorso del documento, a que acabamos de referirnos, la
cual es como sigue:

"Hecha la cancelación a que se refiere el presente documento
sólo en cuanto a la tercera parte del crédito hipotecario, con vista
de los documentos necesarios, al folio 114 del tomo 18, Santurce Sur,
finca 307, triplicado, inscripción décima; y denegada la inscripción
de la cancelación en cuanto a las restantes dos terceras partes por-
que las facultades de cobrar créditos y cancelar hipotecas conferidas
al albacea son contrarias a la ley, con arreglo a los artículos 876–794 y
801 del Código Civil por razón de tener el testador herederos for-
zosos, siendo estos los únicos que pueden verificar tales actos, care-
ciendo por tanto el albacea de capacidad para los mismos, que son
de dominio, por sí solo sin la autoridad de los primeros, en cuanto
respecta a la porción legitimaria; habiéndose tomado en su lugar
anotación preventiva por el término legal en el mismo asiento. La

tercera parte del crédito en cuanto a la cual se practica la cancelación debe reputarse de libre disposición, y las otras dos terceras partes de que se deniega la inscripción deben reputarse mientras la herencia se encuentre indivisa, como consistentes en legítima.''

El recurrente cita los casos de *Morales* v. *López*, 3 D. P. R. 85; *Crehore* v. *El Registrador*, 22 D. P. R. 32; y el artículo 876 del Código Civil, en el que meramente se enumeran las facultades que tienen los albaceas cuando no han sido estas determinadas especialmente por el testador. En ninguno de los casos a que se ha hecho referencia fué promovida o discutida la cuestión envuelta en este caso. Sin embargo, el caso de *Crehore* v. *El Registrador* es de aplicación en cuanto resuelve que la cancelación de una hipoteca es una enajenación. Véase también el caso de *Gómez* v. *El Registrador*, 26 D. P. R. 253, y el de *Loubriel* v. *El Registrador*, idem. 728.

El apelante hace también la siguiente cita del tomo 6 de Manresa, página 769:

''No estimamos que en el criterio de nuestro Código sea contrario a las leyes autorizar a los albaceas para apoderarse provisionalmente de los bienes de la herencia, invertir la parte libre de los mismos, hacer la partición, etc., aún existiendo herederos forzosos; pero sería ilegal autorizar la inversión de todo el caudal o de porción mayor que la parte libre, prohibir la intervención de la autoridad judicial o limitar en cualquier forma el derecho a la legítima.''

Pero claramente si como frecuentemente hemos declarado, la cancelación de una hipoteca equivale a una enajenación de derechos sobre bienes inmuebles ésta no puede ser considerada como un mero apoderamiento de los bienes de la herencia.

En el caso de *Sucesión de Criado* v. *Martínez*, 25 D. P. R. 334, la mayoría de este tribunal estuvo de acuerdo en que ''sostener que un testador pueda ordenar que después de su muerte una persona extraña a la herencia venda los bienes inmuebles de la misma sin la intervención de sus he-

rederos necesarios, sean éstos mayores o menores de edad, sería destruir todo el sistema puesto en vigor por el Código Civil, especialmente por las disposiciones generales contenidas en sus artículos 664a al 669.''

Esa sentencia fué dictada después de gran consideración. En el alegato del apelante no se menciona ni se hace ninguna nueva alegación que se relacione con la cuestión.   En vista de las circunstancias no creemos necesario volver a considerar los fundamentos de las tres opiniones emitidas en ese caso.

La nota recurrida debe ser confirmada.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Asociados Wolf y del Toro.

Los Jueces Sres. Presidente Hernández y Asociado Aldrey disintieron.

---

OPINIÓN DISIDENTE DEL JUEZ PRESIDENTE SEÑOR HERNÁNDEZ.

Disiento de la opinión de la mayoría de los jueces de este tribunal por las razones que dejé consignadas en mi opinión disidente, con la que estuvo conforme el Juez Asociado Sr. Aldrey en el caso de *Sucesión Criado* v. *Martínez et al.,* 25 D. P. R. 341, cuyas razones son aplicables al presente caso, con tanto mayor motivo cuanto que no hay interesados menores de edad como sucedía en el caso anteriormente citado.

Estimo que procede la revocación de la nota recurrida· y estoy autorizado para expresar que mi compañero, el Juez Asociado Sr. Aldrey, está conforme con los fundamentos de esta opinión disidente.